**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANJIT SINGH, | No. 19-70396 |
| Petitioner, | Agency No. A072-401-408 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022**
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District Judge.

Ranjit Singh, a citizen of India, petitions for review of a decision of the Board

of Immigration Appeals ("BIA") affirming the order of an Immigration Judge ("IJ")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supported the BIA's conclusion that Singh did not show past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42)(a).

a. A petitioner who has demonstrated past persecution on account of a protected ground is entitled to a rebuttable presumption of future persecution. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). The "key question" in determining whether Singh has shown past persecution is "whether, looking at the cumulative effect of all the incidents that a Petitioner has suffered, the treatment he received rises to the level of persecution." *Gormley v. Ashcroft*, 364 F.3d 1172, 1176–77 (9th Cir. 2004) (cleaned up). Singh never suffered physical harm, nor was he arrested. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). And police never threatened to harm Singh or his family. The beating of Singh's friend by police does not compel a finding of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003).

b. To establish an objectively reasonable fear of future persecution, a petitioner must present "credible, direct, and specific evidence in the record." *Id.* at 1016 (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999)). That police demanded money from Singh's friend and visited his mother, without

2

indicating why they are interested in Singh, does not compel the finding that Singh will face persecution if he returns to India.[1]

2.     Substantial evidence supported the BIA's denial of CAT relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). Singh's speculation that police will harm him on return, his mother's interactions with police, and the documentary evidence do not compel the conclusion that he is more likely than not to be tortured if removed. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**

---

[1]     Singh also points to reports from the Immigration and Refugee Board of Canada to support his claim, but those reports were not before the IJ and the BIA did not have to consider them. *See* 8 C.F.R. § 1003.1(d)(3)(iv). In any event, the reports do not compel the finding that Singh will face persecution.